

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

**WILL WILSON**
**ATTORNEY GENERAL**

May 10, 1961

Mr. J. T. Ellis, Jr.
Administrator
Department of Health
Austin, Texas

Opinion No. WW-1053

Re: Whether state employees assigned to local health departments are governed by the provisions of Section 3a of the Travel Regulations Act of 1959 as to their travel and other necessary expenses, and related questions.

Dear Mr. Ellis:

You state that assistance to city and county health departments and local health units is provided by the State Health Department, by assigning to such local health departments state employees qualified under the Merit System as required by Federal regulations and the Appropriation Acts of the Legislature. These employees are carried on the Department of Health payroll and paid with funds from the State Treasury. You further state your department considers them to be in fact employees of the State of Texas and therefore "governed by the Travel Regulation Act of 1959, Senate Bill No. 272, enacted by the 56th Regular Session of the Texas Legislature."

1. Your first question asks whether traveling and other necessary expenses incurred by an employee above described which are paid by local health agencies and not from funds appropriated by the Legislature are governed by the provisions of Section 3a of the Travel Regulations Act of 1959.

Article 6823a, Vernon's Civil Statutes, is the Travel Regulations Act of 1959. Sections 3a and 3b thereof read:

"Sec. 3. a. Reimbursement from funds appropriated by the Legislature for traveling and other necessary expenses incurred by the various officials, heads of state agencies, and employees of the state in the active discharge of their duties shall be on the basis of either a per diem or actual expenses as specifically fixed and appropriated by the Legislature in General Appropriation Acts. A per diem allowance shall mean a flat daily rate

payment in lieu of actual expenses incurred for meals and lodging and as such shall be legally construed as additional compensation for official travel purposes only.

"b. The rate of per diem and transportation allowance and method of computing those rates shall be as those set forth in General Appropriation Acts providing for the expenses of the state government from year to year."

The answer to your first question is that the traveling and other expenses so paid are not governed by the provisions of Section 3a of Travel Regulations Act of 1959. Of course, such employees cannot legally receive pay for such expenses from both the State Treasury and the local agencies. The Section quoted specifically refers to "Reimbursement from funds appropriated by the Legislature . . ." (Emphasis added).

2. You further state that in some instances state employees of the Department of Health assigned as above stated are receiving lump sums for traveling and other necessary expenses from local funds. In this connection, your second question reads: "If such lump sum payments for traveling and other necessary expenses are in fact in excess of actual traveling and other necessary expenses, does this violate the limits of local transportation allowances as defined in Section 8 of the Travel Regulations Act of 1959?"

Section 8 of Article 6823a, Vernon's Civil Statutes, reads:

"Sec. 8. An employee whose duties customarily require travel within his designated headquarters may be authorized a local transportation allowance for this travel. Such allowance, however, shall never exceed the transportation allowance for use of a privately owned automobile as set by the Legislature in the General Appropriations Acts."

As these payments are not made from the State Treasury they are not controlled by the General Appropriations Acts or the Travel Regulations Act of 1959. In this connection, we refer you to Section 7, Article 6823a, Vernon's Civil Statutes, which reads:

"Sec. 7.  Double travel expense payments to state officials or employees are prohibited. When an employee engages in travel for which he is to be compensated by a non-state agency, he shall not receive any reimbursement for such travel from authorized amounts in the General Appropriation Acts."

Since such employees are not being reimbursed for such travel from authorized amounts in the General Appropriation Acts, and are being compensated for their travel by non-state agencies only, such compensation, from local funds, does not violate Section 8 of the Travel Regulations Act of 1959, as the Travel  Regulation Act is only applicable to funds appropriated by the Legislature.

We are not answering your third question, as it was predicated on our answering your second question in the affirmative.

## SUMMARY

A state employee assigned to local health departments is not governed by the provisions of Section 32, Article 6823a, Vernon's Civil Statutes, the Travel Regulations Act of 1959, as to reimbursement for his traveling and other necessary expenses if none of such reimbursement is from funds appropriated by the Legislature.

The receiving of lump sums for traveling and other necessary expenses from local funds by such assigned employees, which are in excess of their actual expenses, does not violate the limits of local transportation allowance as defined in Section 8 of the Travel Regulations Act of 1959, for such expenses.

Yours very truly,

WILL WILSON
Attorney General of Texas

By  *Sam a Woodward*
    Sam A. Woodward
    Assistant

SAW:mm:ms

Mr. J. T. Ellis, Jr., page 4 (WW- 1053)


APPROVED:

OPINION COMMITTEE
W. V. Geppert, Chairman

Dudley D. McCalla
Marietta Payne
Maston C. Courtney
W. Ray Scruggs

REVIEWED FOR THE ATTORNEY GENERAL
By:  Morgan Nesbitt